UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER RELATING TO APPLE ACCOUNTS | **<u>UNDER SEAL</u>**<br><br>20 M 60075<br><br>No. 17 GJ 172<br><br>Chief Judge  Rebecca R. Pallmeyer |

**APPLICATION FOR EXTENSION OF ORDER COMMANDING
SERVICE PROVIDERS NOT TO NOTIFY ANY PERSON
OF THE EXISTENCE OF AN ORDER RELATING TO ELECTRONIC
<u>COMMUNICATION ACCOUNTS</u>**

Pursuant to Title 18, United States Code, Section 2705(b), the United States of America, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully requests that the Court extend orders commanding Apple Inc. (the "Service Provider"), not to notify any person (including the subscribers or customers of the accounts listed in the Order) of the existence of the November 26, 2019 Order for a period of three months, and states as follows:

1.     On November 26, 2019, in the above-referenced grand jury investigation, the Court issued an Order pursuant to 18 U.S.C. §2703(d) requiring Apple Inc. to disclose certain records and information, including subscriber or customer records enumerated in 18 U.S.C. § 2703(d). The government also applied for an order from the Court commanding Apple Inc. not to notify any person of the existence of the November 26, 2019 Order, pursuant to 18 U.S.C. § 2705(b), which this Court granted.

2.     The Court granted the government's motion to extend the deadline of disclosure to May 14, 2023.

3.     The Service Provider is a provider of an electronic communication service and/or a remote computing service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2).

4.     This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

5.     The Court "shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in: (1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." 18 U.S.C. § 2705(b).

6.     The government is requesting an extension of the seal for approximately 30 days. In this case, such an order would be appropriate because the aforementioned November 26, 2019 Order relates to an ongoing criminal investigation concerning the offenses of this is an investigation regarding an online counterfeit check-cashing scheme, in violation of Title 18, United States Code, Sections 371, 1343, 1344, and 1956. The government has been working toward a search warrant of the residence of

the user of the **Subject Accounts** and expects to obtain and execute that search warrant in the next 30 days. For example, Magistrate Judge Young B Kim issued a search warrant to search the **Subject Accounts** on or about January 10, 2023. The government therefore anticipates this will be the last extension of the non-disclosure order.

7.      This criminal investigation is neither public nor known to the targets of the investigation. The records that are the subject of the November 26, 2019 Order relate to information about the customers or subscribers of the Subject Accounts identified in the November 26, 2019 Order, including but not limited to (as applicable): customer names, email addresses, phone numbers, any means and sources of payment for services, lengths of service, types of service utilized, other subscriber numbers or identities, device information, push tokens, all IP connection history records for the Subject Accounts and records of session times, all non-content header information for (as applicable) emails, private messages, direct messages, public messages, or posts, sent to and from the **Subject Accounts**, including but not limited to: address information, date and time of communication, method of communication, routing information, source and destination of the communication, and data transfer volume, that may be used by subjects or targets of the investigation. Disclosure of the November 26, 2019 Order may therefore alert the targets to the ongoing investigation.

8.      Accordingly, there is reason to believe that notification of the existence of the November 26, 2019 Order will cause flight from prosecution, cause the

destruction of or tampering with evidence, cause the intimidation of potential witnesses, and otherwise seriously jeopardize the investigation. *See* 18 U.S.C. § 2705(b). Moreover, some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers and cellular telephones.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Service Provider not to disclose the existence or content of the aforementioned November 26, 2019 Order, until June 13, 2023, except that the Service Provider may disclose the grand jury subpoenas to the Service Provider's respective attorneys for the purpose of receiving legal advice. The attached Order does not prevent the Service Provider from inquiring whether the nondisclosure provisions of the November 26, 2019 Order remain in effect.

The United States further requests that the Court order that this application and any resulting order be sealed until June 13, 2023. As explained above, these documents relate to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation. The government also requests that it be permitted to serve the non-disclosure order on the Service Provider.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:   *Tiffany A. Ardam*
      Tiffany A. Ardam
      Assistant United States Attorney
      219 S. Dearborn Street, Rm. 500
      Chicago, Illinois 60604
      (312) 353-0951

Dated: May 4, 2023